CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
SEP 14 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAY TURNER, <br>     Plaintiff, | ) Civil Action No. 7:11-cv-00425 <br> ) <br> ) |
| v. | ) **MEMORANDUM OPINION** <br> ) |
| SOUTHWEST VIRGINIA REGIONAL <br>     JAIL, et al., <br>     Defendants. | ) <br> ) By: Hon. Jackson L. Kiser <br> ) Senior United States District Judge |

Ray Turner, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Southwest Virginia Regional Jail in Duffield ("Jail"), its Medical Department, and Nurse Jenkins, who works at the Jail. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his Complaint. Plaintiff entered the Jail in March 2011, has an "impaired" right ankle, and his surgery is "noted" on his Jail medical record. However, "nothing has been done" by Nurse Jenkins. Nurse Jenkins is allegedly biased against black inmates because she uses a racial slur. Plaintiff concludes that his Eighth and Fourteenth Amendment rights have been violated, and he requests a "joint fusion" surgery, Nurse Jenkins' medical license to be suspended for a year, and $50,000.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C.

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Neither the Jail nor its Medical Department is an appropriate defendant to this § 1983 action. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning jails are not appropriate defendants to a § 1983 action). See also Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (stating states nor governmental entities that are considered arms of the state are persons under § 1983); Brownlee v. Williams, No. 2:07cv0078, 2007 U.S. Dist. LEXIS 20650, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007) (accepting magistrate judge's findings that defendant "nurses" is not a proper defendant); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at * 1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983).

Plaintiff also fails to state a claim against Nurse Jenkins. Plaintiff fails to describe a serious medical need or how Nurse Jenkins knows of plaintiff's medical problem or delayed his treatment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (describing deliberate indifference and a serious medical need). Furthermore, plaintiff fails to show how Jenkins treated him differently than similarly situated inmates as a result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Moreover, staff's use of a racial slur by itself does not constitute a constitutional violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates, without more, does not state

a constitutional claim); <u>Keyes v. City of Albany</u>, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and I dismiss the Complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 14th day of September, 2011.

Senior United States District Judge

4